UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LAWRENCE PLANT,            )
   Petitioner,             )
                           )
   v.                      )    CIVIL NO. 04-10036 PBS
                           )
UNITED STATES OF AMERICA,  )
   Respondent.             )

MAGISTRATE JUDGE Swartwood

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

    Petitioner, Lawrence Plant, respectfully moves that this Court correct his sentence, pursuant to 28 U.S.C. § 2255. As grounds for this motion, defendant states as follows:

    1.  On March 20, 2003, this Court sentenced Mr. Plant to 151 months imprisonment, after ruling that he was a career offender. See judgment, Criminal No. 01-10443-PBS.

    2.  The classification of Mr. Plant as a career offender resulted from two convictions: a conviction described as being for possession of a controlled substance with the intent to distribute in 1995, PSR, ¶ 89, and a conviction in 2000 for breaking and entering "a building, ship, or motor vehicle or vessel," PSR, ¶ 92.

    3.  On July 23, 2003, Plymouth District Court Judge Thomas Brownell vacated the conviction for breaking and entering, as well as a conviction for malicious destruction of property. See endorsed motion, attached hereto as Exhibit A. The conviction was vacated based on the defendant's motion, which argued that

the pleas to those charges were not knowingly, intelligently, and voluntarily made. There were two bases for this argument: 1) that Mr. Plant was never informed that he was pleading guilty to those charges, nor were they explained to him and 2) the factual proffer presented during the plea colloquy was insufficient to demonstrate a factual basis for the plea.

4. On December 8, 2003, the District Attorney's Office filed a motion to dismiss the two convictions. See docket, attached hereto as Exhibit B. That motion was allowed on December 9. See endorsed motion, attached hereto as Exhibit C

5. Without the breaking and entering conviction, Mr. Plant is not a career offender. Under United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996)(permitting re-sentencing of prisoner sentenced under Armed Career Criminal Act, relying upon United States v. Custis, 511 U.S. 485 (1994)) and United States v. Brackett, 270 F.3d 60 (1st Cir. 2001)(extending Custis to sentencing guidelines), he is entitled to be re-sentenced. See also Mateo v. United States, No. 02-10043-PBS, 2003 U.S. Dist. LEXIS 13923 (Aug. 12, 2003).

6. The Presentence Report("PSR") calculated Mr. Plant's total offense level, prior to application of the career offender guideline, as 22. PSR, ¶ 57. With a criminal history category of VI, Mr. Plant's guideline range, without the breaking and entering conviction, would be 84-105 months.

CONCLUSION

For the reasons set forth above, Mr. Plant contends that this Court should schedule a hearing so that he may be re-sentenced. (Mr. Plant currently is incarcerated at FMC Devens.)

LAWRENCE PLANT
By his attorney,

*/s/ Miriam Conrad*

Miriam Conrad
 B.B.O. # 550223
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served by delivery upon Assistant United States Attorney James Lang and upon Deputy Chief U.S. Probation Officer John Bocon on January 6, 2004.

*/s/ Miriam Conrad*

-3-