UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LAWRENCE PLANT,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 04-10036-PBS |

PETITIONER'S RESPONSE TO GOVERNMENT'S MEMORANDUM
IN OPPOSITION TO PETITIONER'S MOTION TO CORRECT
SENTENCE UNDER 28 U.S.C. § 2255

Petitioner, Lawrence Plant, respectfully submits this response to the Government's Memorandum in Opposition to Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 ("Government's Opposition").

The government attempts to re-visit decisions by this Court and the First Circuit permitting the use of § 2255 petitions for re-sentencing after state court convictions, used to enhance federal sentences, have been vacated. In doing so, it sidesteps the substantive claim endorsed by the state court that vacated Mr. Plant's convictions.

I.  CUSTIS AND ITS PROGENY APPLY TO SENTENCING GUIDELINES CASES.

The government argues that the Supreme Court's decision in Custis v. United States, 511 U.S. 485 (1994) applies only to cases brought under the Armed Career Criminal Act. The government cites no cases that directly support this proposition and narrowly reads the First Circuit's decision in Brackett v. United States, 270 F.3d 60 (1st Cir. 2001). It is true that

Brackett did not reach the government's argument that Custis should not be read to permit re-sentencing petitions under § 2255 after a state court conviction is vacated. The Brackett court also stated, however, "Naturally, the Custis ruling applies whether the sentence enhancement was imposed because of ACCA or because of the Sentencing Guidelines." Brackett, 270 F.3d at 65.

To similar effect is Mateo v. United States, 310 F.3d 39, 42 (1st Cir. 2002), which noted that Brackett and its predecessor, Pettiford v. United States, 101 F.3d 199 (1st Cir. 1996), "might be taken to have answered, helpfully to Mateo," issues regarding the availability of § 2255 relief to vindicate a post-sentence change in the state court record. Moreover, this Court ruled after remand in Mateo that § 2255 relief was available to adjust a federal sentence after "post-sentencing legal events have rendered a sentence invalid[.]" Mateo v. United States, 276 F.Supp. 2d 186, 195 (D.Mass. 2003). This Court explicitly rejected the government's reliance upon cases that excluded from § 2255 jurisdiction challenges to the manner in which the sentencing guidelines were calculated, "as those cases dealt with Sentencing Guidelines errors that could have been corrected on direct appeal." Id.

II. THE STATE COURT CONVICTION IN QUESTION WAS UNCONSTITUTIONAL

In Mateo the basis for re-entencing was a nunc pro tunc order terminating the defendant's state court probation so that

he was no longer "under a criminal justice sentence" at the time of the federal offense. Here, the motion that was allowed by the state court asserted that the conviction was invalid because

> Mr. Plant never understood what charges he was pleading guilty to, because the record does not reflect that either the court or defense counsel explained the elements of the offenses, and because the facts proffered were insufficient to provide a factual basis[.]

Defendant's Motion to Withdraw Guilty Pleas (attached hereto) at 8.

As a result, the convictions in Plymouth District Court violated the U.S. Constitution. A conviction lacking an adequate factual basis violates due process. See Bousley v. United States, 523 U.S. 614, 618 (1998) (remanding where defendant's plea predicated on misunderstanding of proof essential to show "use" of a firearm). "A plea does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Smith v. O'Grady, 312 U.S. 329, 334, 85 L. Ed. 859, 61 S. Ct. 572 (1941).

The constitutional defects that resulted in the state court conviction being vacated distinguish this case from one predicated on "the mere fact that a conviction has been set aside." Government's Opposition at 12, 15. The absence of a factual predicate for the plea also makes the conviction "an unreliable indicator of the defendant's prior criminal conduct."

Cf. Government's Opposition at 15. Here, where the transcript of the Plymouth Court proceeding is available, the government's arguments regarding the "many reasons" why convictions may be set aside, are inapposite.

## CONCLUSION

While the government's view of the availability of § 2255 relief is overly narrow, we submit that this court need not reach that issue in this case, as the claim raised here – that Mr. Plant's career offender sentence was based on an unconstitutional state court conviction – fits comfortably within the parameters of a § 2255 petition.

LAWRENCE PLANT
By his attorney,

*/s/ Miriam Conrad*

Miriam Conrad
B.B.O. # 550223
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA 02110
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served by delivery upon Assistant United States Attorney James Lang on March 3, 2004.

*/s/ Miriam Conrad*

Miriam Conrad